

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Game, Fish & Oyster Commission
Austin, Texas

Gentlemen:         Attention:  Mr. H. D. Dodgen
                               Executive Secretary

Opinion No. O-6934
Re: Validity of certain proposed
    lease contract whereby the
    Game, Fish and Oyster Com-
    mission acquires exclusive
    control of all hunting privi-
    leges on privately owned land,
    and related matters

        Your request for opinion has been received
and carefully considered by this department. We quote from
your request as follows:

        "The Game, Fish and Oyster Commission
has under consideration the execution of a lease
contract with owners of private land whereby the
Game, Fish and Oyster Commission is given exclusive
control of hunting and other game management practices
on said land, the purpose of such contract being to
adequately stock the privately owned area with game
animals and game birds, to control predatory birds
and animals thereon, and to permit hunting to
whatever extent the supply of game may safely per-
mit.

        "Your opinion on the following questions
is respectfully requested:

        "1.  May the Game, Fish and Oyster
Commission legally enter into contract for the ex-
clusive control of all hunting privileges on a body
of enclosed land and prohibit hunting, killing or
taking any game birds or animals from said land?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"2. May the Game, Fish and Oyster Commission legally enter into a contract as above described and permit limited hunting upon such land in accordance with the Commission's judgment as to how many hunters may be allowed to participate and the amount and kind of game birds or animals to be taken?

"3. Can the Game, Fish and Oyster Commission legally use monies available from the Special Game Fund for payment to the landowners for privileges of exercising exclusive control of hunting privileges on his property?"

You have given us the further information that the contemplated lease is not and does not purport to be a "cooperative wildlife-restoration project" to be entered into with the Federal Government under Article 4050b, Vernon's Annotated Texas Civil Statutes.

You have also given us the information that the contemplated lease does not purport to establish any statutory game preserve or preserves. A reading of Article 917 of our Texas Penal Code will also clearly demonstrate that no statutory game preserves will be established by the proposed leases. Said Article 917 reads as follows:

"Any person, firm or corporation owning and in possession of lands in the State of Texas, may transfer by an instrument in writing, duly acknowledged before an officer, authorized under the laws of this State to take acknowledgments, to the State of Texas the right to preserve, protect and introduce for propagation purposes any of the game birds or game animals mentioned in this chapter on the lands mentioned therein, for a period of not less than ten years. Such instrument of writing shall be filed in the office of the Game, Fish and Oyster Commissioner, whereupon the Game, Fish and Oyster Commissioner may at his discretion declare the lands described in said instrument a State Game Preserve, and thereafter for the period named therein shall for all the purposes relating to the preservation, protection and propagation of game birds and game animals be under the control of the Game, Fish and Oyster Commissioner. The aggregate acreage of all

preserves which may be designated in any one
county shall never exceed ten per cent of the
total acreage of such county. Such preserves
shall be numbered in the order of the filing
of the instrument therefor. The Game, Fish
and Oyster Commissioner shall cause notices to
be prepared containing the words "State Game
Preserve", "Trespassing Prohibited", and cause
such notices to be posted at each gate or en-
trance thereto. All State game preserves es-
tablished under the provisions of this chapter
shall for all purposes of preservation, pro-
tection and propagation of game birds and game
animals thereon be under the control and manage-
ment of the Game, Fish and Oyster Commissioner,
and he and his deputies may at all times enter
in and upon such preserves in the performance
of their duties.

"It shall be unlawful for any
person to hunt, pursue, shoot at, kill, take,
destroy, or in any manner molest any of the game
birds or game animals within the exterior bounda-
ries of any game preserve, and any person who
shall violate any provision of this chapter
shall be deemed guilty of a misdemeanor and upon
conviction shall be fined not less than fifty
($50.00) dollars nor more than two hundred
($200.00) dollars."

Article 4018, Vernon's Annotated Texas Civil
Statutes, in outlining the duties and powers of the Commissioner
(now Commission) gives to the Commissioner "superintendence and
control of the propagation and distribution of birds and game
in the State reservation over which he may have control, or which
may be established for such propagation." It is our opinion that
the above quoted provision of Article 4018 clearly refers to
State reservations or game preserves established in the statutory
manner and would not authorize the leases in question. It will
also be borne in mind that Article 917, Penal Code, supra, pro-

Game, Fish & Oyster Commission - Page 4

hibits any and all kinds of hunting and molestation of game birds and game animals within a State game preserve.

We have been unable to find any statutory authority for the proposed leases. It is therefore our opinion that each of your questions should be answered in the negative, and they are so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

WJF:ET